

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,527

### EX PARTE LESTER CHARLES SHEPHERD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F06-89087-RQ IN THE 204th DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child younger than fourteen years and sentenced to fifteen years' imprisonment. Applicant's conviction was affirmed on appeal. *Shepherd v. State*, No. 05-07-01138-CR (Tex. App.–Dallas, delivered December 23, 2008, no pet.).

Appellate counsel filed an *Anders* brief on direct appeal.[1] The Applicant alleges that he was

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

deprived of his right to file a *pro se* brief because counsel never sent him a copy of the trial record as instructed.

The trial court has determined, based upon the record, that Applicant never received a copy of the trial record in this case to enable him to file a *pro se* brief. We find, therefore, that Applicant is entitled to the opportunity to file a *pro se* brief in the appeal of the judgment of conviction in Cause No. F06-89087-RQ from the 204th Judicial District Court of Dallas County. The trial court shall provide Applicant a copy of the trial record and any filing deadlines shall run from the date Applicant receives that record.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: April 6, 2011
Do Not Publish